JOHN DANEK, PLAINTIFF, v. JULIUS J. HOMMER AND KATHERYN HOMMER, PARTNERS TRADING AS HOMMER TOOL & MFG. CO., DEFENDANTS AND THIRD-PARTY PLAINTIFFS, v. NEW JERSEY MANUFACTURERS CASUALTY INSURANCE COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, THIRD-PARTY DEFENDANT.

Essex County Court
Law Division

Decided March 23, 1953.

*Messrs. McGlynn, Weintraub & Stein* (*Mr. Joseph Weintraub* appearing), attorneys for defendants and third-party plaintiffs.

*Messrs. Shaw, Hughes & Pindar* (*Mr. Robert Shaw* appearing), attorneys for third-party defendant.

COLIE, J. S. C.   In 1947 Anna Danek, an employee of Julius J. Hommer and Katheryn Hommer, sustained injuries arising out of and in the course of her employment, for

which she claimed and was paid compensation. At the time of the accident New Jersey Manufacturers Casualty Insurance Company, hereinafter referred to as the carrier, had issued workmen's and employers' liability and public liability policies to the Hommers.

Recognizing its liability, the carrier paid to Anna Danek benefits to which she was entitled under the workmen's compensation policy. Subsequently, John Danek, the husband of Anna Danek, instituted suit against the Hommers, setting forth her employment and her injury and claiming damages on his behalf *per quod*. The carrier denied coverage and refused to defend the suit; whereupon the Hommers retained their own counsel to defend the action of John Danek and filed a third-party complaint seeking a declaratory judgment that the carrier was under a duty to defend and pay any judgment recovered by Danek.

After issue joined in the suit of Danek v. Hommer and in the third-party complaint of Hommer against the carrier, Hommer moved for summary judgment against Danek and summary judgment against the carrier, and the carrier moved to vacate the order permitting the institution of the third-party action as premature. The motions were argued and judgment was entered in favor of the Hommers and against Danek. *Danek v. Hommer,* 14 *N. J. Super.* 607 *(Cty. Ct.* 1951). On appeal, the Supreme Court affirmed. *Danek v. Hommer,* 9 *N. J.* 56 (1952). Thereafter, the third-party complaint of Hommer v. New Jersey Manufacturers Casualty Insurance Company was amended to seek recovery of the expenses which the Hommers incurred in defending Danek's action against them for *per quod* injuries sustained by him.

The matter is before this court on the motion of the Hommers for summary judgment and the counter-motion of the carrier for summary judgment in its favor on the third-party complaint. It was agreed that the matter be heard by the court without a jury, and that, in the event of a judgment in favor of Danek, the *quantum* of the damages would be stipulated, or, if not stipulated, would be fixed by the court after hearing proof thereof.

The question is whether or not the carrier was, by the terms of either the workmen's compensation policy or the public liability policy, obligated to defend the suit of John Danek against the Hommers.

The workmen's compensation and employers' liability policy is a "standard form" policy, the terms of which are not prescribed by the Legislature, as in the case of a fire insurance policy, cf. R. S. 17:36–5.7, but are controlled by legislative restrictions. An insurance policy is a contract and the rights and obligations thereunder are fixed and determined by the language thereof. The plaintiffs' claim arises from the insurer's agreement "to defend, in the name and on behalf of this Employer, any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent." This broad language, if standing alone, might include a duty upon the insurer to defend the suit of John Danek for *per quod* injuries. However, the quoted clause is part and parcel of the policy and must be interpreted in light of the purpose sought to be accomplished by it. Without needlessly cluttering this opinion with quotations from the policy, suffice it to say that the purpose is clearly to indemnify the insured against payments made to an employee by reason of the provision of the Workmen's Compensation Act, R. S. 34:15–1 *et seq.* Only those services within the schedule of operations listed in the policy are within the policy coverage. John Danek, not an employee of the insured, is not included therein. This precise point was dealt with in *American Mut. Liab. Ins. Co. v. Chodosh*, 123 N. J. L. 81 (*Sup. Ct.* 1939):

"It is also argued that the carrier, by its contract, was bound to defend in behalf of the employer any suits or other proceedings, &c., although such suits are wholly groundless, false or fraudulent, and that, failing to do so, it has waived its right to raise the question now under discussion; but this, we think, applies only to suits or claims made within the apparent schedule of operations—not one that was outside the scope of the contract. If the carrier had under-

taken the defense of this petition, without obtaining a non-waiver agreement, it might well have been held to have waived such right and be estopped from questioning the final judgment. \* \* \* Instead it elected not to defend the suit at all on the ground that it was not within the coverage of the contract. This, we think, it had a perfect right to do,"

In *Danek v. Hommer*, 9 *N. J.* 56 (1952), in affirming the judgment for the defendant, the court said:

"It would be anomalous to hold that the employer is under no liability in tort to a married employee but is liable in tort to her husband for the consequences to him of the tortious injury to his wife."

Implicit in this language is the inference that the claim of the husband *per quod* is outside of the policy coverage. The rule is stated in *Ocean Acc. & Guar. Corp. v. Washington Brick & Terra Cotta Co.*, 148 *Va.* 829, 843, 139 *S. E.* 513 (*Sup. Ct. 1927*):

"The language of the policy which requires the insurer to defend suits which may at any time be instituted against the employer 'on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor,' must be read in connection with the fundamental contractual obligation appearing upon the face of the contract between the parties."

So, here, the obligation to defend is limited by the fundamental obligation, which is indemnification arising out of the Workmen's Compensation Act.

■ The plaintiffs' claim, so far as predicated upon the public liability policy, depends upon the clauses relating to bodily injury and property damage liability, reading:

"To pay on behalf of the Insured all' sums which the Insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the hazards hereinafter defined"; and
"To pay on behalf of the Insured all sums which the Insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, because of injury to or destruction of prop-

erty, including the loss of use thereof, sustained by any person or persons, caused by accident and arising out of the hazards hereinafter defined";

The controlling words in the above sections are "liability imposed upon him by law." To come within this language, liability must be imposed by law, and the Supreme Court held there was none. *Danek v. Hommer, supra.*

Judgment for defendant.