Present: Carrico, C.J., Compton, Stephenson, Lacy, Keenan, Koontz, JJ., and Whiting, Senior Justice

VIRGINIA ELECTRIC AND POWER COMPANY

OPINION BY JUSTICE LAWRENCE L. KOONTZ,

v. Record No. 951919                    September 13, 1996

NORTHBROOK PROPERTY AND CASUALTY INSURANCE COMPANY

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Melvin R. Hughes, Jr., Judge

In this appeal we consider whether, under a liability policy which excludes coverage for suits for bodily injury filed by "an employee" of the insured, an insurance company has an obligation to defend an insured where such a suit is brought by an individual who would be deemed a statutory employee of the insured under the Virginia Workers' Compensation Act.

The essential facts of the case are not in dispute. In October 1989, Commercial Courier Express (Commercial Courier) entered into a contract with Virginia Electric and Power Company (VEPCO) to provide designated courier services to VEPCO. The contract included provisions which referenced Commercial Courier's existing general liability policy (the policy) with Northbrook Property and Casualty Insurance Company (Northbrook).

As required by its contract with VEPCO, Commercial Courier submitted and Northbrook accepted an addendum to the policy adding VEPCO as an additional insured for suits arising out of courier services Commercial Courier provided to VEPCO. The policy included a standard "duty to defend" clause, as well as various exclusions from coverage. One such exclusion eliminated Northbrook's liability for bodily injury to an employee of the insured for injuries "arising out of and in the course of

employment by the Insured."  In the context of this case, VEPCO is the insured party.

On March 23, 1990, Margaret C. Laveri (Laveri), a Commercial Courier employee, delivered parcels to VEPCO's office at One James River Plaza.  Subsequently, in a suit filed against VEPCO, Laveri alleged that while making the delivery she fell and was injured after stepping on a slippery substance in VEPCO's delivery area.

VEPCO requested that Northbrook defend the Laveri suit under the duty to defend clause in Commercial Courier's liability policy.  Northbrook denied coverage, and VEPCO proceeded to successfully defend the Laveri suit on its own by asserting that Laveri was its statutory employee as defined by the Virginia Workers' Compensation Act.  Code § 65.2-302.  VEPCO asserted that, as a statutory employee, Laveri's sole remedy was under the Act, Code § 65.2-307, thus barring the civil suit.

VEPCO then filed a bill of complaint seeking a declaratory judgment that Northbrook had wrongly refused to provide a defense to VEPCO as an additional insured under Commercial Courier's policy.  Northbrook moved to dismiss on the ground that VEPCO had an adequate remedy at law.  The chancellor transferred the case to the law docket, granting VEPCO leave to file a motion for judgment.  VEPCO thereafter filed a motion for judgment asserting that Northbrook had breached its duty to defend and seeking damages in the amount of the legal fees expended in defending the Laveri suit.

The parties filed cross-motions for summary judgment.  In

its motion, Northbrook asserted various defenses including the exclusion of coverage for a claim filed by an employee. Following an _ore_ _tenus_ hearing, the trial court rejected VEPCO's assertion that the exclusion did not apply to a statutory employee, reasoning that the language of the exclusion of coverage for injuries to an employee "suggest[s] an employee in the context of workers['] compensation." Accordingly, the trial court found that Northbrook properly refused to defend the suit on the ground that Laveri was "an employee of [VEPCO]." We awarded VEPCO this appeal.

We have previously addressed at length the question of an insurer's duty to defend, holding that the "obligation to defend is broader than [the] obligation to pay, and arises whenever the complaint alleges facts and circumstances, some of which would, if proved, fall within the risk covered by the policy." _Lerner_ _v. Safeco_, 219 Va. 101, 104, 245 S.E.2d 249, 251 (1978). In _Lerner_, we went on to say "that such a provision [to defend] places no obligation on the insurer to defend an action against the insured when, under the allegations of the complaint, it would not be liable under its contract for any recovery therein had." _Id._ (citing _Travelers Indem. Co. v. Obenshain, Committee_, 219 Va. 44, 46, 245 S.E.2d 247, 249 (1978)). In addition, we have explained that:

> [I]f it is doubtful whether the case alleged is covered by the policy, the refusal of the insurer to defend is at its own risk. _London Guar. Co. v. White & Bros., Inc._, 188 Va. 195, 199-200, 49 S.E.2d 254, 256 (1948). And, if it be shown subsequently upon development of the facts that the claim is covered by the policy, the insurer necessarily is liable for breach of its covenant to defend. _Id._ at 200, 49 S.E.2d at 256.

<u>Brenner v. Lawyers Title Ins. Corp.</u>, 240 Va. 185, 189, 397 S.E.2d 100, 102 (1990).

However, as will become apparent from our analysis in the present case and is perhaps self-evident, the obligation to defend is not negated merely by the unsuccessful assertion of a claim otherwise facially falling within the risks covered by the policy. Various defenses applicable to specific factual circumstances may be successfully asserted against claims otherwise covered by the policy. The insurer has the obligation to defend the insured in such circumstances even though the obligation to pay is not ultimately invoked. It is in this context that the obligation to defend is said to be broader than the obligation to pay. Stated differently, the insurer has a duty to defend against risks covered by the policy even though the defense successfully litigates the issue of its lack of obligation to pay the claim.

In applying these well established principles to determine Northbrook's obligation to defend in this particular case, we are concerned exclusively with the risks covered by the express provisions of the policy and the allegations of Laveri's motion for judgment. As it did in the trial court, Northbrook urges this Court to interpret the policy in the context of the provisions of the contract between VEPCO and Commercial Courier.

While referring to several provisions of that contract in rendering its judgment, the trial court expressly ruled that "the focus must remain on the insurance contract at issue between

[Northbrook and VEPCO]."  Assuming, without deciding, that the applicable rules of evidence would have permitted consideration of the provisions of the Commercial Courier/VEPCO contract to determine the intended coverage of the insurance policy, Northbrook's failure to assign cross-error to the trial court's failure to do so precludes our consideration of that issue.  Rule 5:18(b).

We turn then initially to the allegations of Laveri's motion for judgment.  That pleading alleged that Laveri was a "business invitee" of VEPCO and that, as a result of VEPCO's negligent maintenance of its delivery area, she was injured while making a delivery to that area "in the course and scope of her then employment."  Unquestionably, if proven at trial, these allegations would fall within the ambit of the risks for which the policy's general liability provisions for bodily injury afford protection to VEPCO.

A fair reading of the record makes it clear, and the parties are not in disagreement, that at the time of her injury Laveri was an employee of Commercial Courier.  Similarly, it is clear that Northbrook's decision, and the risk it ran, not to defend against her claim was based on the provision of the policy that excluded coverage for bodily injury to an employee of the insured.  Thus, the sole question is whether the trial court correctly ruled that Laveri's status as a statutory employee of VEPCO for purposes of workers' compensation brought her within the definition of the term "employee" as used in the coverage exclusion contained in the policy.

Exclusionary language in an insurance policy is to be construed most strongly against the insurer, and the burden is upon the insurer to prove that an exclusion applies. <u>Johnson v. Insurance Co. of No. America</u>, 232 Va. 340, 345, 350 S.E.2d 616, 619 (1986). This is true whether the insurer is asserting the exclusion to deny liability for payment or to avoid its duty to defend the insured. Accordingly, Northbrook bears the burden of showing that the policy clearly intended the term "employee" as used in the exclusion to include a statutory employee as defined in Code § 65.2–302 of the Virginia Workers' Compensation Act.

Northbrook asserts that the policy contemplated use of the statutory definition of the term "employee" found in the Act, as shown by the use of the phrase "[a]n employee of the Insured <u>arising out of and in the course of employment by the Insured</u>" in the exclusion provision. (Emphasis added.) Indeed, the trial court agreed with this assertion, noting that: "It is significant that this policy language while mentioning the word 'employee' also mentions 'arising out of and in the course of employment,' words that suggest an employee in the context of workers['] compensation . . . ." We disagree.

The Act defines statutory employees for the specific purpose of applying workers' compensation laws. Thus, we hold that the statutory definition contained in the Act will not be applied to an insurance policy unless the policy provides by reference to the specific statute that the statutory definition is intended to be applied. <u>Cf.</u> <u>United Services Auto. Ass'n v. Pinkard</u>, 356 F.2d 35, 37–38 (4th Cir. 1966) (workers' compensation rationale used

where employee exclusion specifically precluded coverage for injury arising out of employment "if benefits thereof are in whole or in part either payable or required to be provided under any [workers'] compensation law").

In American Reliance Insurance Co. v. Mitchell, 238 Va. 543, 385 S.E.2d 583 (1989), an insurance policy "excluded coverage for 'bodily injury to any farm employee . . . arising out of and in the course of his employment by any insured.'" Id. at 545, 385 S.E.2d at 584. In addressing the employee exclusion clause, the insurance company urged the application of workers' compensation analysis to expand the definition of employee to include persons, including the injured party in that case, who would be eligible for workers' compensation benefits even though they were merely occasional or irregular laborers. We declined to apply workers' compensation definitions in interpreting the term "farm employee", holding that the plain and generally accepted meaning of employee "connotes continuous service of a person who works full time for another for a consideration." Id. at 549, 385 S.E.2d at 586.

The same rationale we employed in Mitchell applies here. While it is true that the exclusion in the policy uses language evocative of a workers' compensation law definition of "employee," nothing in the policy expressly designates the Act as providing the definition for terms used in the coverage exclusion. Id. at 548, 385 S.E.2d at 586; cf. Pinkard, 356 F.2d at 37.[*]T Thus, as in Mitchell, the plain and generally accepted

_____

[*]We note that a separate exclusion within the policy

meaning of the term "employee" is controlling.  Using that definition, we hold that, although deemed a statutory employee for purposes of workers' compensation, Code § 65.2-302, Laveri was not an employee of VEPCO within the plain meaning of the policy.  Accordingly, the trial court erred in determining that the employee exclusion clause of the policy permitted Northbrook to refuse to fulfill its obligation to defend VEPCO.

For these reasons, we will reverse the judgment of the circuit court and enter judgment for VEPCO, and the case will be remanded for a determination of damages.

<u>Reversed and remanded</u>.

(..continued)
excludes coverage for "[a]ny obligation of the Insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law."  In the trial court, Northbrook relied on this exclusion to bolster its argument that the policy excluded generally any claim that was subject to workers' compensation law.  Northbrook did not reassert this argument on appeal.