# CIRCUIT COURT OF FAIRFAX COUNTY

State Farm Mutual
Auto. Ins. Co. et al.

v.

Atiqur R. K. Eusufzai,
Farida Eusufzai, et al.

January 17, 2008

Case No. CL-2007-7170

BY JUDGE MICHAEL P. MCWEENY

This matter came before the Court on Respondent Harun Chowdhury's Motion to Determine Interpleader Rights and Other Relief. The Court heard argument on December 14, 2007, took the matter under advisement, and requested supplemental briefs from Petitioner State Farm Mutual Automobile Insurance Company ("State Farm") and Respondents Atiqur R. K. Eusufzai and Farida Eusufzai ("the Eusufzais"). After full consideration of the parties' positions and examination of the relevant statutes and case law, the Court orders State Farm to pay its $50,000 in policy limits into the Clerk of Court. However, the Court declines to discharge State Farm or Ms. Akther from further liability. In addition, the Court is of the opinion that a stay of all litigation affecting State Farm's $50,000 policy limits, including the matter of *Eusufzai v. Akther* that is pending in this Court as CL-2007-5066, is appropriate.

*Facts and Procedural Background*

This interpleader action arises out of an automobile accident on July 30, 2006. Mr. Anisul Haque was driving, and the passengers in the car were his wife, Shahin Akther, and their children, Ahsamul (15) and Atiya (5). Mr.

Haque's niece Aniqa Eusufzai, then 16 years old, and the children's grandmother, Nurjaham Begun, were also passengers. Mr. Haque drove off the road, killing himself and Ms. Begun. His wife and the three children were seriously injured, and Aniqa Eusufzai later died. The vehicle was owned by Mr. Haque and insured by State Farm. The State Farm policy had limits of $25,000 per claim and $50,000 per accident. The Eusufzai family had underinsured motorist coverage through Liberty Mutual with policy limits of $100,000.

The personal representatives of Aniqa Eusufzai filed a $5 million lawsuit against Mr. Haque's estate. That action, *Eusufzai v. Akther,* is pending in this Court as CL-2007-5066 and is set for trial on April 28, 2008. In addition to the lawsuit, claims have been made with State Farm by Ms. Akther on her own behalf and as mother, guardian, and next friend of her two children, and by Harun Chowdhury, the administrator of Ms. Begun's estate.

On June 15, 2007, State Farm filed an interpleader action alleging that the value of the claims far exceeds the limits of its policy and asking that the Court order it to pay the $50,000 in policy limits into the Clerk of Court pending the determination of the rights of the respondents. State Farm also asked the Court to restrain the respondents from instituting or prosecuting any proceeding in any court of the Commonwealth affecting the $50,000.

*Analysis*

1. *Payment of State Farm's Policy Limits into the Clerk of the Court*

In their supplemental briefs filed with this Court, State Farm and the Eusufzais both consent to an order requiring State Farm to pay its $50,000 in policy limits into the Clerk of the Court and to a hearing on its distribution. Such an order is authorized by the Virginia Code, which provides that "[w]henever any person is or may be exposed to multiple liability through the existence of claims by others to the same property or fund held by him or on his behalf, such person may file a pleading and require such parties to interplead their claims." Va. Code Ann. § 8.01-364(A). "A person interpleading may voluntarily pay or tender into court the property claimed, or may be ordered to do so by the court; and the court may thereupon order such party discharged from all or part of any liability as between the claimants of such property." Va. Code Ann. § 8.01-364(D). Therefore, the Court orders State Farm to pay its $50,000 into the Clerk of the Court by Friday, February 1, 2008. In addition, the parties are ordered to appear before Calendar Control by Friday, February 8, 2008, to schedule a hearing on the distribution of those funds.

## 2. *Further Liability of State Farm*

In the proposed order submitted with State Farm's supplemental brief, State Farm asks this Court to discharge it and Shahin Akther from all further liability upon payment of the $50,000 in policy limits into the Court. The Court is unable to do so. The interpleader statute does provide that, after determination of an interpleader, the Court may discharge the appropriate party from further liability. Va. Code Ann. § 8.01-364(C). However, the Court is not required to discharge State Farm or Ms. Akther. *Sovran Bank, N.A. v. Bedford Park Assocs. L.P.*, 23 Va. Cir. 110, 113 (1991). In addition, the Court finds that it would be inappropriate to do so.

With respect to State Farm, an insurer's duty to defend is broader than its duty to indemnify under Virginia law. *Virginia Elec. & Power Co. v. Northbrook Prop. & Cas. Ins. Co.*, 252 Va. 265, 269, 475 S.E.2d 264 (1996). The parties have not addressed the issue of whether State Farm's duty to defend will terminate upon exhaustion of its policy limits. State Farm must therefore remain a party to this litigation at least through the hearing on the distribution of its policy limits, after which it may present argument as to whether exhaustion of its policy limits would terminate the duty to defend.

With respect to Ms. Akther, the parties have also not addressed the issue of whether Mr. Haque's estate is in possession of any funds above and beyond the State Farm policy limits. As the estate may be liable for sums in addition to the policy limits, the Court declines to discharge Ms. Akther from further liability.

## 3. *Stay of Litigation Affecting State Farm's Policy Limits*

The parties disagree as to whether a stay of all litigation affecting State Farm's $50,000 policy limits, including the *Eusufzai v. Akther* matter pending in this Court, would be appropriate. Virginia Code § 8.01-364 gives this Court the authority to stay all litigation in the Commonwealth that affects State Farm's policy limits pending determination of the interpleader. The Code provides that, "[i]n any action of interpleader, the court may enter its order restraining all claimants from instituting or prosecuting any proceeding in any court of the Commonwealth affecting the property involved in the interpleader action until further order of the court." Va. Code Ann. § 8.01-364(C).

The interpleader statute is clearly designed to avoid multiple liability and, as State Farm argues, to avoid a race to the available funds. If the *Eusufzai v. Akther* case proceeds to trial on April 28 and the Eusufzais obtain

a judgment equal to or greater than $50,000, they will be entitled to the State Farm policy limits. Under Virginia law, a judgment that is first in time takes priority over subsequent judgments. *Gurnee v. Johnson's Ex'r*, 77 Va. 712, 728 (1883) ("In a controversy between different judgment creditors, priority of time has been held to be priority of right."); *Haley v. Williams*, 28 Va. (1 Leigh) 140, 142 (1829) ("[I]n respect to the satisfaction of judgments, and other liens upon an equitable fund, where neither has the legal title . . . all are to be paid according to their priority in point of time."). Given that there are other claimants who may have greater entitlement to the State Farm funds and given that State Farm has filed an interpleader action, the Court is of the opinion that all litigation in the Commonwealth affecting the State Farm policy limits, including the matter of *Eusufzai v. Akther,* should be stayed pending determination of the interpleader.

## Conclusion

For the reasons stated above, the Court orders State Farm to pay its $50,000 in policy limits into the Clerk of the Court by Friday, February 1, 2008. The parties are ordered to appear before Calendar Control by Friday, February 8, 2008, to schedule a hearing on the distribution of those funds. The Court declines to discharge State Farm or Ms. Akther from further liability after payment of the $50,000 into the Court, but grants a stay on all litigation in the Commonwealth affecting the State Farm policy limits, including the matter of *Eusufzai v. Akther*.