# CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Builders Mutual
Insurance Co.

v.

American Better Living, L.L.C.,
and Kian Kaz

March 24, 2010

Case No. (Civil) CL09-00262F-15

BY JUDGE TIMOTHY S. FISHER

The following constitutes the court's ruling as a result of the hearing on March 22, 2010, and upon a review of the pleadings and memoranda filed.

Builders Mutual Insurance Company has filed a complaint for Declaratory Judgment claiming it has no duty to defend American Better Living, L.L.C., (ABL) in an action filed against American Better Living by Kian Kaz, M.D., in a separate action alleging breach of contract and fraud against American Better Living as a result of a dispute over a contract to remodel Dr. Kaz's medical building. The other matter is pending on the docket of the Circuit Court for the City of Newport News.

Builders Mutual seeks summary judgment on the issue claimed for relief in the declaratory judgment action asserting it does not have a duty to defend American Better Living as a result of the issuance of the Commercial General Liability Policy from Builders Mutual Insurance Company to American Better Living effective September 1, 2007, to September 1, 2008, policy number CPP 0005896 06.

As the parties are aware, "a trial court may enter summary judgment only if no material fact is genuinely in dispute." (Rule 3:20 of

the Rules of the Supreme Court of Virginia.) The court finds there are no material facts genuinely in dispute in this case. Both parties agree to the genuineness of the issued policy and argue from the policy. Both parties agreed to the genuineness of the complaint filed in the Circuit Court for the City of Newport News by Dr. Kaz against American Better Living, Case No. 08-02036 T-01, and both argued significantly from the complaint.

The court does agree that resolution of the issue of summary judgment on the declaratory judgment action is based entirely upon a review of the policy as aforementioned and the complaint filed by Dr. Kaz against American Better Living, which Builders Mutual seeks to have a determination that it has no duty to defend.

The court certainly agrees that the duty to defend is broader than the obligation to pay and arises whenever the complaint alleges facts and circumstances, some of which, if proved, fall within the risks covered by the insurance policy. *Virginia Electric & Power Co. v. Northbrook Property & Casualty Ins. Co.*, 252 Va. 265, 475 S.E.2d 264 (1996).

"On the other hand, if it appears clearly that [Builders Mutual] would not be liable under its contract for any judgment based upon the allegations, it has no duty even to defend." *Travelers Indem. Co. v. Obenshain*, 219 Va. 44, 46, 245 S.E.2d 247 (1978).

American Better Living conceded the policy does not cover claims for "Breach of Contract" or "Fraud" and did not argue otherwise.

There was one area raised by the defendant, American Better Living, as an example of a possible material issue of fact genuinely in dispute stemming from paragraph 13 of the complaint filed by Dr. Kaz.

On page 6 of the complaint, Dr. Kaz, alleged the listing of defects which included:

> The roof to the addition was not constructed in a workmanlike manner, it was not constructed according to building code, and did not contain insulation, as required by the terms of the contract between Kaz and ABL.

Counsel for ABL proffered to the court that the "entire roof was removed by Nice Brothers (hired by Dr. Kaz after terminating ABL) thereby possibly causing some "resulting damage" which may or may not then bring that issue within the policy.

The court does not find the proffer raised a material issue of a fact genuinely in dispute and, frankly, the response by plaintiff's counsel

adequately addressed the exclusions in the policy which would eliminate such from coverage even if there was such a fact in dispute.

As the policy is relatively lengthy and the exclusions numerous, the court will not recite those specifically although they are covered in the plaintiff's excellent and very detailed memorandum, highlighted by counsel in argument.

The court does adopt the positions raised in the plaintiff's memorandum as the basis for the court's decision.

The court relies also on two excellent Circuit Court opinions; one by Judge Joseph A. Leafe in *RML Corp. v. Assurance Co. of Am.*, 60 Va. Cir. 269 (2002), and also by Judge Terrence Ney from the Circuit Court of Fairfax in *Pulte Home Corp. v. Fidelity & Guaranty Ins. Co.*, 19 Cir. L210454 (Va. Cir. 2004).

Judge Ney cited Judge Leafe in *RML* also citing a decision of the Virginia Supreme Court in *Nationwide Mutual Ins. Co. v. Wenger* by stating as follows:

> In addition, the Supreme Court of Virginia has declined prior invitations to "convert an otherwise unambiguous CGL policy into a performance bond" reasoning that "since a contractor can control the quality of his own work, it is fair to hold him liable when the work is faulty … the risk that the contractor may incur liability under warranty is a normal part of doing business."

222 Va. 263, 266, 278 S.E.2d 874 (1981)

Following those two Circuit Court opinions and the decision of the Supreme Court in *Wenger, supra*, this court can find little to add to that jurisprudence, Accordingly, the court does find that summary judgment is appropriate to grant to the plaintiff on its motion for declaratory judgment and so orders.

The parties did not address the plaintiff's further request for attorney's fees and costs which may flow as a result of this ruling; so the plaintiff may proceed as it may be advised in that regard.

The court will ask Mr. Marr to prepare an order in accordance with the court's ruling incorporating this letter opinion therein and Mr. Marr may further indicate in the order that the execution of the motion for summary judgment would be suspended and stayed pending Builders Mutual's further request for attorney's fees and costs expended in its defense of American Better Living to date should they be so advised.