# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## CHESAPEAKE AND OHIO RAILWAY CO. v. GREAVER.

### November 18, 1909.

### Absent, Buchanan, J.

1. NUISANCE—*Evidence—Opinion—Statement of Facts.*—Upon a complaint that a roundhouse of a railroad company and the short tracks adjacent thereto, are a private nuisance, a witness who is thoroughly familiar with the company's property, the necessity for roundhouse facilities and the convenience of the location for the same, may testify as to the necessity for the use made by the company of its roundhouse and the short tracks adjacent thereto. This is a statement of facts.

2. WITNESSES—*Objection to Question—Subsequent Admission of Same Question—Waiver.*—An objection to a question propounded to a witness will be deemed to have been waived, where subsequently, in the examination of the witness, practically the same question was permitted to be asked and answered without objection.

3. TRESPASS ON REAL PROPERTY—*Wilfulness—Negligence—Failure to Prove Wilfulness—Surplusage in Declaration.*—Neither wilfulness nor negligence is necessary to make a trespass on real estate a tort, and when the owner brings his action therefor alleging that it was done wilfully and unnecessarily, and the proof fails to sustain this allegation, the owner is still entitled to recover actual damages on proof of the unintentional trespass. The words "wilfully and unnecessarily" may be stricken from the declaration as mere surplusage, without impairing the plaintiff's pleading in the matter of setting out a good cause of action.

4. NUISANCE—*Injury to Property—Negligence.*—If, in an action to recover damages for a private nuisance, the plaintiff proves the existence of the nuisance causing injury to his property, it is immaterial whether the nuisance was created or operated negligently or not.

5. APPEAL AND ERROR—*Instructions—Jury Fully Instructed—Rulings on Other Instructions.*—If the jury were fully and fairly instructed on the whole case so that they could not have been misled by the instructions, it is unnecessary for this court to consider

the propriety of the rulings of the trial court on other instructions tendered and refused.

6. Verdicts—*Evidence to Support.*—The verdict of a jury should not be set aside when the evidence before the jury was ample to sustain their finding.

Error to a judgment of the Corporation Court of the city of Charlottesville in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The following instructions were given on the motion of the plaintiff:

(1) "The court instructs the jury that if they believe from the evidence that the defendant railway company has injured the property of the plaintiff, Mrs. Greaver, as alleged in the declaration, either from negligently permitting its roundhouse to get out of repair, as alleged in the first count in the declaration, or from wilfully and unnecessarily standing, firing, cleaning and tending locomotives on its said lot mentioned in the second count of the declaration, without any structure enclosing the same, they must find for the plaintiff. And in assessing her damages, if the jury believe the injury only temporary they can take into consideration only the damage to the use and enjoyment, and the rental value of said property, accruing within the last five years prior to the commencement of this suit. And if the jury believe the injury of a permanent character, accruing within the last five years prior to the commencement of this suit, they may also take into consideration the depreciation of the market value caused thereby."

(2) "The court instructs the jury that a railroad company in the location of repair shops, and roundhouses, and the construction and maintenance thereof, acts in its private capacity, and is bound to so locate, construct, maintain and use such structures, and its property adjacent thereto, as not to inflict any injury on the property, or invade the rights of others.

"And if they believe from the evidence in the case that the defendant has so placed its works, or has so maintained and operated its roundhouse, and the tracks adjacent thereto, as by their use to unreasonably interfere with and disturb the peaceful and comfortable enjoyment by the plaintiff of her property, then the said defendant must pay such damages to the said plaintiff as would in their judgment, in view of all the evidence, be a just compensation for the injury thereby sustained."

The following instructions were tendered by the defendant, but were refused:

No. 4. "The court instructs the jury that the plaintiff cannot recover upon the second count of the declaration unless they believe from the evidence that the use and operation of the short railway tracks complained of in the declaration, was wilful and unnecessary; that is, with an intent, express or implied, to injure the property of the plaintiff and unnecessary for the purposes of the defendant company."

No. 5. "The court instructs the jury that if they believe from the evidence the construction, use and operation of the spur tracks complained of in the declaration were for purposes necessary and incidental to the operation of the engines and trains of the defendant company, they must find for the defendant upon the second count in the declaration.

No. 6. "The court instructs the jury that there can be no recovery in this case upon the second count in the declaration."

No. 7. "The court instructs the jury that the second count in the declaration is based upon the alleged wilful and unnecessary use of the short railway or 'spur tracks' for the purposes therein mentioned, and in order for there to be a recovery thereon, the jury must believe from the evidence that the same is both wilful and unnecessary. The court further instructs the jury that unless they believe the acts complained of were wilfully done, with an intent, either express or implied, to injure the property of the plaintiff, by agents and servants of the defendant company, acting within the scope of their em-

ployment, with the knowledge and acquiescence of the defendant company, through some or one of its officers, they must find for the defendant."

*D. H. & Walter Leake,* for the plaintiff in error.

*Dabney & Fowler* and *Micajah Woods,* for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

Defendant in error brought this action to recover damages of the Chesapeake and Ohio Railway Company for injuries resulting from the maintenance of a nuisance on the defendant's property, and at the trial there was a verdict in favor of the plaintiff for $300, upon which the judgment to which this writ of error was awarded was rendered.

The law of this case is fully discussed and settled by this court in its opinion just handed down in the case of *N. A. Terrell* v. *Chesapeake & Ohio Ry. Co., ante,* p. 340, 66 S. E. 55, and we shall be content with a reference to that case and the authorities there cited for the law applicable to this case.

The nuisance complained of in each of these cases is practically the same, and the declaration in this case is identical in its allegations with that in the former case, except that in the second count of the declaration in this case there is the additional charge that the acts of the defendant constituting the nuisance complained of were wilfully and unnecessarily done.

Of the eight errors assigned, the first and second, relating to the rejection of pleas Nos. 3 and 6, are waived, and the third relates to the ruling of the court in allowing the witness, W. H. Greaver, to answer a question in regard to whether or not the short railway tracks, the use of which is complained of in the second count in the declaration, could be moved to another place on the defendant's roundhouse property.

There was no error in this ruling to the prejudice of the defendant.  Greaver was shown to have had charge of the yard as

yardmaster for a number of years, and that he was thoroughly familiar with the company's property, the necessity for round-house facilities and the convenience of the location for the same, and it was entirely competent for him to testify as to the necessity for the use made by the defendant of its roundhouse and the short tracks adjacent thereto, upon which the declaration alleged the company stood its engines for the purpose of blowing them out, cleaning them, etc. In answer to the question propounded and objected to he gave no opinion, but stated facts only.

What has been said with reference to the objection to the question propounded to the witness Greaver, applies as well to the fourth assignment of error relating to the ruling of the court in permitting N. A. Terrell to answer a similar question; and there the witness expressed no opinion, but simply stated the facts as to the conditions existing at the defendant's roundhouse and yard.

With respect to the fifth assignment of error, which relates to the ruling of the court in excluding the testimony of R. A. Ham, as to whether the manner in which the engine pits were used within the last five years was incidental and necessary to the operation of the defendant's trains, all that need be said is that later in the examination of this witness practically the same question was propounded to him and he was permitted to answer it without objection.

The sixth assignment of error is to the giving of the instructions asked for by the plaintiff, the defendant excepting to each and all of them.

There was practically no conflict in the evidence as to the facts touching the use by the defendant of its roundhouse and yard, as complained of in the declaration, and causing the nuisance which resulted in the injury to plaintiff's property; and the instructions given by the court propounded the law clearly and correctly as it has been enunciated in the case of *Terrell* v. *C. & O. Ry. Co., supra.*

Error is also assigned to the refusal of the court to give certain instructions propounding the law of the case directly in conflict with the instructions rightly given for the plaintiff; and these instructions were properly refused.

Stress is laid, however, upon the refusal to give the fourth instruction asked for by the defendant, which sought to have the jury told that the plaintiff could not recover upon her second count in the declaration unless they believed from the evidence that the use and occupation of the short railway tracks was wilful and unnecessary—that is, with an intent, express or implied, to injure the property of the plaintiff, and unnecessary for the purpose of the defendant company. In other words, the purpose of the instruction was to tell the jury that in the absence of proof that the acts on the part of the defendant were wilful and unnecessary, the plaintiff could not recover.

The acts constituting the nuisance which resulted in injury to the plaintiff's property were clearly and succinctly set out in the declaration, and fully proved by the testimony; and even if it were conceded that the words "wilful and unnecessary" constituted the charge of negligence, this would not relieve the defendant from liability in the action, for two reasons—one is that this language in the declaration might be regarded as surplusage, and the other, that it merely accentuated the wrongs of the defendant resulting in the injury to plaintiff's property.

"Neither wilfulness nor negligence is necessary to make a trespass on real estate a tort, and when the owner brings action therefor, alleging only that it was done wilfully and oppressively and the proof fails to sustain this allegation, the owner is still entitled to recover actual damages on proof of the unintentional trespass. *Baldwin* v. *Telegraph Co.,* 78 S. C. 419, 59 S. E., 67.

So that the words "wilfully and unnecessarily" could be stricken from the declaration as being mere surplusage, without impairing the plaintiff's pleading in the matter of setting out a good cause of action; and even if they could not be stricken out, it was clearly proved that the acts of the defendant com-

plained of were unnecessary, because there was ample space to erect a building over the company's pits and tracks, so as to protect the property of the plaintiff from injury arising from the escape of smoke, cinders, dust, etc., from the uncovered engines of the defendant standing upon its yard.

In this case, as in the case of Terrell against the same defendant, *supra,* the contention is that the use or manner of use of the defendant's property constituted a private nuisance, while the defendant insists that such use is authorized by law and does not exceed what is required by the necessities of the business in which it is lawfully engaged, and that consequential injuries to the plaintiff were only such inconvenience as one must suffer or sustain to personal property rights by the use by another of his own property.

That this contention of the defendant is unsound is fully settled and disposed of by the opinion in *Terrell* v. *C. & O. Ry. Co., supra,* and the authorities there cited. The plaintiff in this case having proven the existence of a nuisance causing injury to her property, whether the nuisance was created or operated negligently or not is immaterial.

The two instructions given for the plaintiff covered the whole case and precluded a recovery, unless the jury believed that the nuisance alleged in the declaration had been proved, and fully protected the defendant. Therefore, the jury could not have been misled by the instructions.

The remaining assignment of error is to the refusal of the court to set aside the verdict as contrary to the law and the evidence.

In this ruling there was no error, as the evidence is ample to prove that the injury to the plaintiff's property by reason of the nuisance caused and operated by the defendant within the past five years was of a very serious character, and certainly to the amount of the verdict of the jury, $300; that as long as the roundhouse was in good condition no damage resulted therefrom; that a roundhouse could be built over the engines stored

on the yard; and that the nuisance and resulting injury to the plaintiff was from both the defective roundhouse and the uncovered engines standing upon the yard, and from time to time blown out, cleaned, etc.

Upon the whole case, we find no error in the record prejudicial to the defendant, and the judgment of the Corporation Court of the city of Charlottesville must be affirmed.

*Affirmed.*