𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

THEODORE N. LERNER, et al., partners, doing business as
TYSON'S CORNER REGIONAL SHOPPING CENTER

v.

GENERAL INSURANCE COMPANY OF AMERICA
trading as SAFECO INSURANCE

June 9, 1978

Record No. 770237

Present: All the Justices.

*William E. Donnelly, III (Gerald R. Walsh; McCandlish, Lillard, Bauknight, Church & Best,* on brief) for plaintiffs in error.

*Adelard L. Brault (Brault, Lewis, Geschickter & Palmer,* on brief) for defendant in error.

HARMAN, J., delivered the opinion of the Court.

This case presents the question of an insurance company's responsibility to reimburse its insured for reasonable attorney fees and other costs expended by the insured in successfully defending a claim for punitive damages.

The case was heard and decided by the trial court upon stipulations of fact and agreed exhibits. Theodore N. Lerner, et al., partners, trading as Tysons Corner Regional Shopping Center (Tysons), are the owners and operators of a large commercial development of retail stores and other businesses in Fairfax County. General Insurance Company of America, trading as Safeco Insurance (Safeco), insured Tysons under a "blanket liability" insurance policy wherein Safeco agreed to pay

"...on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence. [Safeco] shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient. . . ."

This policy was in full force and effect on August 8, 1973, when

Patricia Cassidy and her young daughter, Michelle (the Cassidys), were alleged to have suffered damages. By their stipulations, the parties agreed that the event alleged by the Cassidys constituted an "occurrence" as defined in the policy and that the policy contained "no exclusions from coverage for punitive damages or claims for punitive damages."

The Cassidys filed suit against Tysons on April 30, 1974, seeking to recover compensatory damages in the amount of $50,000 and punitive damages in the amount of $500,000 on account of alleged bodily injury suffered by Michelle Cassidy on August 8, 1973. When notified of this suit, Safeco advised Tysons that it would defend only against the claim for compensatory damages and that Tysons should secure separate legal representation for the punitive damage claim. Safeco further advised Tysons that Safeco "would decline to pay any award for punitive damages."

The stipulations further tell us "Tysons was obliged to secure separate legal representation to raise all matters of defense to the claims for punitive damages." At the conclusion of the Cassidys' evidence at trial of their action, the court held, as a matter of law, that the evidence was insufficient to support the claim for punitive damages and dismissed that claim. Tyson's counsel fees and other expenses in defending the punitive damages claim reasonably amounted to $4111.00.

On the basis of these facts, the trial court held that Safeco had no duty to defend Tysons against the claim for punitive damages because public policy prohibits insurance against indemnity for punitive damages.

We reverse. In doing so, however, we do not reach the public policy question* since decision on that issue, a matter best left to the General Assembly, is unnecessary to our decision here.

Under the insurance policy here at issue, Safeco had both "the right and the duty to defend any suit against the insured seeking damages on account of bodily injury or property damage, even if any of the allegations of the suit are groundless, false or

---

*The same public policy argument raised here, *i.e.* that public policy prohibits one from insuring against punitive damages, was also raised, but not decided, in *Lipscombe v. Security Ins.*, 213 Va. 81, 189 S.E.2d 320 (1972). Our holding there, that the insured-victim under an uninsured motorist policy could recover punitive damages from his own insurance carrier, was based on the provisions of the uninsured motorist statute, Code § 38.1-381(b).

fraudulent." Under such a provision, an insurer's obligation to defend is broader than its obligation to pay, and arises whenever the complaint alleges facts and circumstances, some of which would, if proved, fall within the risk covered by the policy. *Sturges Mfg. Co. v. Utica Mut. Ins. Co.*, 37 N.Y.2d 69, 72, 332 N.E.2d 319, 321 (1975); *Lee v. Aetna Casualty & Surety Co.*, 178 F.2d 750, 752-53 (2nd Cir. 1949); Annot. 50 A.L.R.2d 458, 506-07 (1956); 14 Couch on Insurance 2d § 51:44 (1965).

It should be noted, however, that such a provision places no obligation on the insurer to defend an action against the insured when, under the allegations of the complaint, it would not be liable under its contract for any recovery therein had. *Travelers Indem. Co. v. Obenshain, Committee*, 219 Va. 44, 245 S.E.2d 247 (1978) (this day decided); *Accident Corp. v. Washington Co.*, 148 Va. 829, 843-44, 139 S.E. 513, 517 (Spec. Ct. App. 1927). But, as we said in *London Guar. Co. v. White & Bros.*, 188 Va. 195, 199-200, 49 S.E.2d 254, 256 (1948):

"While the duty to defend is, in the first instance, to be determined by the allegations of the notice of motion, yet if those allegations leave it in doubt whether the case alleged is covered by the policy, the refusal of the insurance company to defend is at its own risk; and if it turns out on development of the facts that the case is covered by the policy, the insurance company is necessarily liable for breach of its covenant to defend. . . ."

In the case at bar, Safeco concedes that it was obligated to defend against and to pay any compensatory damages awarded to the Cassidys in their suit. The punitive damages claim, although found groundless by the trial court, was ancillary to the claim for compensatory damages. It necessarily follows that the duty to defend extended to the occurrence and both the compensatory and punitive damage claims arising therefrom. In these circumstances, the refusal by Safeco to defend the punitive damages claim constituted a breach of its covenant to defend for which it is liable.

For these reasons, the judgment of the trial court will be reversed and vacated, and judgment will be entered here for Tysons against Safeco for $4111.00, the amount which Tysons reasonably spent in its defense of the punitive damages claim.

*Reversed and final judgment.*