## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Hartford Mutual Ins. Co.

v.

Barbara L. Grimm et al.

July 2, 1980

Case No. (Law) 5678

By JUDGE ALBERT H. GRENADIER

The Hartford Mutual Insurance Company brings this action for declaratory judgment to determine its obligation to defend Barbara L. Grimm or to pay any judgment which may be rendered against her in a suit filed in this court by Leonard C. Grimm, designated at law no. 5490. A copy of the subject insurance policy is filed with the motion for declaratory judgment, as well as a copy of the underlying motion for judgment in law no. 5490. The parties have agreed to submit this case for determination on the pleadings and oral argument.

The obligation on the insurer to defend, as distinguished from its obligation to pay a judgment, is, by the overwhelming weight of authority, determined solely by the allegations of the complaint against the insured and is not affected by facts ascertained before suit or developed in the process of litigation or ultimate outcome of the suit. If the allegations state a cause of action which may be within the coverage of the policy, the insurer must defend and may also be liable to pay

any judgment rendered on those allegations. On the other hand, the insurer has no duty to defend under its contract of insurance if it clearly appears that it would not be liable for any judgment based upon those allegations. *Travelers Indemnity Company* v. *Obenshain*, 219 Va. 46 (1978).

In case of doubt as to coverage, that doubt should be resolved in the insured's favor. In *Lerner et al.* v. *General Insurance Company of America*, 219 Va. 101 (1978), the court said:

> While the duty to defend is, in the first instance, to be determined by the allegations of the notice of motion, yet if those allegations leave it in doubt whether the case alleged is covered by the policy, the refusal of the insurance company to defend is at its own risk. . . .

See also *Battisti* v. *Continental Casualty Company*, 406 F.2d 1318 (5th Cir. 1969), and 7A Appleman, *Insurance Law and Practice*, § 4683. The above rule is applicable whether the insurer is invoking a general liability provision or an exclusionary provision.

The duty to defend is broader than the duty to pay and arises whenever the complaint alleges facts and circumstances, some of which, if proved, fall within the risk covered by the policy. Nevertheless, the cases do not hold that the insurer is bound to defend a cause of action entirely foreign to the risk insured against or clearly beyond the coverage of the policy. *Lerner et al.* v. *General Insurance Company of America, supra*; *Donnelly* v. *Transportation Insurance Company*, 589 F.2d 761 (4th Cir. 1978); *Boyle* v. *National Casualty Company*, 84 A.2d 614 (D.C. 1951).

An insurer is only required to undertake the defense of those claims which fall within the coverage of the policy, and where the allegations of the complaint against the insured, albeit ambiguous, state a claim which is potentially or arguably within the policy's coverage, the insurer must accept the defense of the claim. Where there is doubt as to the insurer's duty to defend, that doubt ought to be resolved in favor of the insured. *Babcock*

*and Wilcox Company* v. *Parsons Corp.*, 430 F.2d 531, 536 (8th Cir. 1970).

Having set forth the above general principles, we must now look to the allegations of the underlying suit to see if they fall within the risks covered by the policy. Is there an "occurrence" under the subject insurance policy which triggers the obligation of Hartford to defend Mrs. Grimm or to pay any judgment which may be rendered against her?

"Occurrence," as defined on page 4 of the subject insurance policy, "means an accident. . . which results, during the policy term, in bodily injury or property damage." On page 3 of the policy there is an exclusion which clearly states that the policy does not apply "to bodily injury or property damage which is either expected or intended from the standpoint of the insured." The language used in the subject policy appears to be standard in homeowner's insurance contracts.

In *City of Virginia Beach* v. *Aetna Casualty and Surety Company*, 426 F. Supp. 821 (E.D. Va. 1976), the court combined the general liability provisions and the exclusionary provisions when it defined "occurrence" as "an accident. . . which results, during the policy period, in injury to persons or tangible property which is neither expected nor intended from the standpoint of the insured."

An "accident" is an unexpected happening causing loss or injury which is not due to any fault or misconduct on the part of the person injured but from the consequences of which he may be entitled to some legal relief. *Webster's New Collegiate Dictionary*, 1979 Edition.

An accident is usually defined as an event that takes place without one's foresight or expectation; an event that proceeds from an unknown cause or is an unusual effect of a known cause and therefore not expected. *American National Insurance Company* v. *Dozier*, 172 Va. 376 (1939). An accident is a befalling; an event which takes place without one's foresight or expectation; an undesigned, sudden and unexpected event; a mishap resulting in injury to a person or thing. It is an event which creates an effect which is not the natural or probable consequence of the means employed and is not intended, designed or

reasonably anticipated. *Lynchburg Foundry Company* v. *Irvin*, 178 Va. 265 (1941).

In *Norman* v. *Insurance Company of North America*, 218 Va. 718 (1978), the Virginia Supreme Court considered a homeowner's policy which contained language similar to the policy in this case. In *Norman* the underlying suit alleged that the policyholder wilfully and maliciously shot the plaintiff. The underlying suit resulted in a verdict for $45,000.00 in compensatory damages and $5,000.00 in punitive damages. The insurer defended under a reservation of rights, contending that the suit was not based on negligence but upon a deliberate, intentional, malicious tort. The Court equated "occurrence" with "accident" and stated that an intentional act cannot be converted into an accident because the person making the assault did not intend the act or its consequences.

The motion for judgment in the underlying case alleges in general terms the following:

1. That on July 30, 1978, the defendant swore out a warrant charging the plaintiff with kidnapping under Section 18.2-47 of the Virginia Code;

2. That the warrant was issued without probable cause;

3. That the plaintiff was arrested, fingerprinted, booked, etc.;

4. That the plaintiff was required to retain counsel to defend him;

5. That the charge was dismissed in the Juvenile and Domestic Relations Court;

6. That the plaintiff was required to file a suit to expunge the record of the arrest;

7. That the plaintiff expended money for counsel fees and court costs and lost time from his employment; and

8. That the plaintiff suffered emotional and physical distress and embarrassment, all of which the defendant did reasonably foresee as a result of her actions.

Although Mrs. Grimm contends that the suit against her is one for false arrest and imprisonment and not for malicious prosecution, the allegations in that suit completely fail to allege such cause of action. The gist of an action for false arrest and imprisonment is the illegal detention of the person without lawful process

or the unlawful execution of lawful process. *Kress and Company* v. *Roberts*, 143 Va. 71 (1925); *Montgomery Ward and Company* v. *Wickline*, 188 Va. 485 (1948).

The constituent elements of false imprisonment are, one, the detention or restraint, and two, the unlawfulness of the detention or restraint. A person can be falsely imprisoned despite probable cause for his arrest; he cannot be falsely imprisoned pursuant to a lawful arrest. *Yeatts* v. *Minton*, 211 Va. 402 (1970). Lack of probable cause is not an essential element of a right of action for false imprisonment. *Sands and Company* v. *Norvell*, 126 Va. 384 (1919).

The underlying motion for judgment does, however, allege a good cause of action for malicious prosecution. To make out a case for malicious prosecution the plaintiff must allege and prove that the prosecution was set on foot by the defendant; that it was terminated in a manner not unfavorable to the plaintiff; that it was instituted or procured by the cooperation of the defendant; that it was without probable cause; and that it was malicious. The only allegation missing from the underlying suit is malice, and malice may be inferred from the want of probable cause. See Michie's Jurisprudence, *Malicious Prosecution*, §§ 2 and 9, and cases cited therein.

There can be no serious contention that Mrs. Grimm did not expect or intend the consequences when she swore out the warrant against Mr. Grimm. The underlying suit alleges in paragraph 11 of the motion for judgment that Mrs. Grimm knew that Mr. Grimm would suffer emotional and physical distress and embarrassment by the issuance of the warrant and did reasonably foresee what would happen. Foreseeability is antithetical to the concept of "accident."

The acts complained of in the underlying suit do not constitute an "occurrence" or an "accident" as defined in the policy or by the relevant case law. It is alleged therein that the injuries complained of by Mr. Grimm were foreseeable and therefore both expected and intended from the standpoint of Mrs. Grimm. The underlying suit does not allege a claim which is either potentially or arguably within the policy coverage.

Accordingly, it is the judgment of the Court that Hartford is neither obligated under the subject policy

of insurance to defend Barbara L. Grimm in the suit brought by Leonard C. Grimm, at law no. 5490, nor to pay any judgment which may be rendered against her in that suit.