## Richmond

## GEORGE R. PARKER, ET AL.

## V.

## HARTFORD FIRE INSURANCE CO.

June 12, 1981.

Record No. 791471.

Present: Carrico, C.J., Cochran, Compton, Stephenson, JJ., and Harman, S.J.

*Wm. Rosenberger, Jr.,* for appellants.
*Richard S. Tilley* for appellee.

PER CURIAM.

George R. Parker and Rachel H. Parker, the appellants, insti-
tuted this action against Hartford Fire Insurance Co. (Hartford),
the insurer of the Parkers, alleging that Hartford had breached
the terms of its insurance contract by failing to defend the Parkers
in two suits instituted by Loyd Turpin.[1] The trial court ruled that
the insurance contract did not obligate Hartford to defend the
Parkers, and this appeal followed.

The insurance contract issued to the Parkers obligated Hartford
to "defend any suit against the Insured alleging such bodily injury
or property damage and seeking damages which are payable
under the terms of this policy, even if any of the allegations of the
suit are groundless, false or fraudulent." The policy provided,
however, that this duty to defend did not apply to "bodily injury
or property damage caused intentionally by or at the direction of
the Insured."

Turpin filed an action at law against the Parkers and Virginia
Harvestore, Inc., alleging the desecration of the Turpin family
burial ground located on the Parker farm. Turpin conveyed the
property to the Parkers' predecessor in interest in 1921, reserving
the burial lot. This reservation was not in the 1968 deed to Mr.
Parker. The Parkers contracted with Virginia Harvestore to build
a silo on the burial lot. The trial judge sustained the demurrers of
the defendants.

Subsequently, Turpin filed a bill of complaint asking that the
Parkers be enjoined from trespassing on the burial ground, and
that they pay damages for the desecration already done to the
cemetery. The complaint alleged that Parker "knew or should
have known" of the burial lot in 1968 and that subsequent to that
time, he obtained "actual knowledge of the existence of the burial

---

[1] The Parkers seek to recover the $4,530.96 they paid as attorney's fees in defending
these suits. The amount involved is not in dispute.

lot." The Parkers were enjoined from digging, excavating or littering the lot, but Turpin was not awarded any damages.

The trial court ruled that Hartford had no duty to defend the Parkers in the suit brought by Turpin. Concluding that the bill of complaint filed by Turpin alleged an intentional trespass, the court held that the cause of action fell within the insurance policy's exclusion clause relieving Hartford of its duty to defend if the "property damage [was] caused intentionally by or at the direction of the Insured."[2]

When an initial pleading "alleges facts and circumstances, some of which would, if proved, fall within the risk covered by the policy," the insurance company is obliged to defend its insured. *Lerner* v. *Safeco,* 219 Va. 101, 104, 245 S.E.2d 249, 251 (1978). Moreover, where the allegations "leave it in doubt whether the case alleged is covered by the policy," the insurer's failure to defend is at its own risk. *London Guar. Co.* v. *White & Bros.,* 188 Va. 195, 199-200, 49 S.E.2d 254, 256 (1948). Only when "it appears clearly [the insurer] would not be liable under its contract for *any* judgment based upon the allegations," does the company have no duty to defend. *Travelers* v. *Obenshain,* 219 Va. 44, 46, 245 S.E.2d 247, 249 (1978). (Emphasis added.)

We cannot say that Turpin's pleadings clearly show that any recovery against the Parkers would not have been covered by the insurance policy. While some of the language of the pleadings is couched in terms of intentional trespass, the pleadings, without amendment, could have supported a judgment of unintentional trespass. "[W]hen the owner [of land] brings [an] action [for trespass on realty], alleging only that it was done wilfully and oppressively and the proof fails to sustain this allegation, the owner is still entitled to recover actual damages on proof of the unintentional trespass." *Chesapeake & O. R. Co.* v. *Greaver,* 110 Va. 350, 355, 66 S.E. 59, 60 (1909). Hartford, therefore, was obligated to defend the Parkers in Turpin's suits.

For the reasons stated, the judgment of the trial court will be reversed and final judgment entered here for the Parkers in the

---

[2] The trial court also held that Hartford had no duty to defend suits for injunctive relief. Since, however, Turpin asked for both an injunction and damages, Hartford was obligated to defend the Parkers if the underlying action otherwise fell within the policy.

amount of the attorney's fees expended in defending the claims in question.

*Reversed and final judgment.*