**SALUS CORPORATION, Appellant,**

v.

**CONTINENTAL CASUALTY CO. and U.S. Fire Insurance Co., Appellees.**

**No. 82–1637.**

District of Columbia Court of Appeals.

Argued Nov. 15, 1983.

Decided July 12, 1984.

---

Edgar T. Bellinger, Washington, D.C., with whom David R. Rivero was on the brief, for appellant Salus Corporation.

Frank J. Martell, Rockville, Md., for appellee Continental Casualty Co.

Edward J. Gorman, Jr., Washington, D.C., with whom Audrey F. Gorman and Terence J. O'Connell, Washington, D.C., were on the brief, for appellee U.S. Fire Insurance Company.

Before TERRY, Associate Judge, and PAIR and KERN,[*] Associate Judges, Retired.

KERN, Associate Judge, Retired:

This is an appeal from the denial of a summary judgment to appellant Salus Corporation (Salus), a construction company doing business in the District of Columbia, and the grant of summary judgment to appellees, the insurers of Salus.

Two law suits were filed against appellant as the result of a fatal accident occurring to a tenant occupying a building under its construction on April 28, 1979. Both law suits alleged negligence on the part of Salus (and others) and sought compensatory and punitive damages.

In response to the filing of these law suits, Salus promptly notified both of its insurance carriers, Continental Casualty Insurance Company (Continental) and United

---

[*] Judge Kern was an Associate Judge of the court at the time of argument. His status changed to Associate Judge, Retired, on May 25, 1984.

States Fire Insurance Company (U.S. Fire), in accordance with the terms of its policies with them, concerning its potential liability. Along with its notification of the suits, Salus enclosed copies of the complaints filed against it. Both insurance companies readily agreed to defend and pay any judgments against Salus for compensatory damages, but declined to defend Salus against the punitive damage claims and, furthermore, declined to pay any punitive damages which might eventually be assessed against Salus in the pending litigation. Thus, Salus became obligated to employ separate counsel to represent it on the punitive damages claims.

Salus, on November 10, 1981, filed an action seeking a declaratory judgment by the trial court that (1) appellees, Continental and U.S. Fire, have a duty to defend Salus against the punitive damage claims, and thus are jointly and severally liable for all legal fees and expenses Salus incurred and would incur in defending such claims; and (2) appellees are liable jointly and severally (up to the stated limits of liability in each policy) for any punitive damages ultimately imposed against Salus in the pending law suits.

The parties to this appeal filed cross-motions for summary judgment and the trial court denied the motion by Salus and granted summary judgment in favor of the appellee-insurers. The court concluded that: (1) "[T]he policy terms do not provide for such coverage ..." and "there is no contractual relationship that can be read into the policy which would require [appellees] here to provide legal coverage or defense to [Salus] on a question of punitive damages"; and, (2) "it would seem that it would be against public policy to require an insurance company to cover situations of this kind."[1] We disagree and find that the trial court erred in reaching these conclusions under the particular circumstances of the instant case.

Appellant's policy with Continental provides in pertinent part:

The company will pay on behalf of the insured all sums which the insured shall become obligated to pay as damages because of

A. bodily injury or
B. property damage

to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if the allegations of the suit are groundless, false or fraudulent ....

Appellant's policy with U.S. Fire states in pertinent part:

The Company agrees to idemnify the insured for ultimate net loss in excess of the retained limit ... which the insured may sustain by reason of the liability imposed upon the insured by law ...:

(a) Personal Injury Liability. For damages, including damages for care and loss of services, because of personal injury, including death at any time resulting therefrom, sustained by any person or persons....

\* \* \* \* \* \*

With respect to any occurrence not covered ... by the underlying policies ... the company shall: (a) defend any suit against the insured alleging ... injury ... and seeking damages on account thereof, even if such suit is groundless, false or fraudulent ....

First, it is important to note that "[a]n insurer's duty to defend is conceptually distinct from and legally independent of its duty to indemnify, that is, its obligation to pay a judgment." *Sherman v. Ambassador Insurance Co.*, 216 U.S.App.D.C. 93, 100–01, 670 F.2d 251, 258–59 (1981). "'[W]hereas the duty to defend depends only upon the facts as alleged to be, the

---

1. The court issued no written opinion but ruled orally upon review of the written motions filed by the parties.

duty to indemnify, *i.e.,* ultimate liability, depends rather upon the true facts.'" *S. Freedman & Sons, Inc. v. Hartford Fire Insurance Co.,* 396 A.2d 195, 197 (D.C. 1978) (quoting *American Policyholders' Insurance Co. v. Cumberland Cold Storage Co.,* 373 A.2d 247, 250 (Me.1977)). Thus, "if the allegations of a plaintiff's complaint may bring the claim within the coverage of the defendant's policy, the insurance company must honor its duty to defend, even if ultimately relieved of any duty to indemnify." *Sherman v. Ambassador Insurance Co., supra,* 216 U.S.App. D.C. at 101, 670 F.2d at 259.

▪ We need not undertake an analysis as to whether the complaints brought against Salus allege facts that bring these claims within the coverage of the policies. By agreeing to defend Salus against the compensatory damage claims, the insurers have in effect conceded that the allegations in both complaints fall within the coverage of the policies. Since a claim for punitive damages is merely "ancillary to the claims for compensatory damages", *Lerner v. General Insurance Co. of America,* 219 Va. 101, 104, 245 S.E.2d 249, 252 (1978), the trial court erred in concluding that the policies did not require the insurers to defend Salus as to the punitive damage claims as well as the claims for compensatory damages.

Continental additionally argues that under the express language in its policy with Salus a "nexus" must exist between the bodily injury alleged and the insured's liability in order for its duty to defend Salus to arise. Thus, it contends the nexus is lacking here as to the punitive damages claim, since punitive damages are not awarded "because of bodily injury" and "on account of bodily injury", but rather because of the outrageous conduct of the insured. We reject this argument recognizing that "[i]t is the infliction of bodily injury which gives rise to the cause of action. Once the cause of action arises, punitive or multiple damages are awarded in connection with, or because of the inju-

ries incurred." *Cieslewicz v. Mutual Service Casualty Insurance Co.,* 84 Wis.2d 91, 97, 267 N.W.2d 595, 598 (1978); *see also, Harrell v. Travelers Indemnity Co.,* 279 Or. 199, 202–03, 567 P.2d 1013, 1014 (1977); *Carroway v. Johnson,* 245 S.C. 200, 204, 139 S.E.2d 908, 910 (1965); *Ohio Casualty Insurance Co. v. Welfare Finance Co.,* 75 F.2d 58, 59 (8th Cir.1934).

▪ As to public policy considerations in determining the insurers' duty to defend, to which the trial court referred in its oral ruling, "while there may be some policy considerations which preclude protecting a wrongdoer from having to pay for an intentional injury he has caused, those policy considerations do not foreclose the defense of an accused party who has not yet been found to be guilty." *Sherman v. Ambassador Insurance Co., supra,* 216 U.S.App. D.C. at 102, 670 F.2d at 260 (quoting *Donnelly v. Transportation Insurance Co.,* 589 F.2d 761, 765 (4th Cir.1979)). Furthermore, considering the ease with which punitive damage claims can be made in a complaint, it would be contrary to public policy to allow an insurance company to bow out of its obligation to defend *whenever* punitive damages are merely claimed against its insured.

We now turn to the insurers' duty to indemnify the insured for punitive damages. The trial court concluded not only that the policy did not provide for the coverage of punitive damages, but also commented further that "it would seem" to "be against public policy to require an insurance company to cover situations of this kind." Appellees Continental and U.S. Fire argue that they are excused from any payment of claims for punitive damages against Salus in this case because of public policy considerations. They contend that for the court to require them to pay for Salus' punitive damages would enable the wrongdoer, the insured, to shift his responsibility for his misconduct onto the insurer, all contrary to sound public policy. Their argument is based on the analysis set forth in the leading case of *Northwestern Casu-*

*alty Co. v. McNulty,* 307 F.2d 432 (5th Cir.1962).

There the court said:

The policy considerations in a state where ... punitive damages are awarded for punishment and deterrence, would seem to require that the damages rest ultimately as well [as] nominally on the party actually responsible for the wrong. If that person were permitted to shift the burden to an insurance company, punitive damages would serve no useful purpose. Such damages do not compensate the plaintiff for his injury, since compensatory damages already have made the plaintiff whole. And there is no point in punishing the insurance company; it has done no wrong. In actual fact, of course, and considering the extent to which the public is insured, the burden would ultimately come to rest not on the insurance companies but on the public, since the added liability to the insurance companies would be passed along to the premium payers. Society would then be punishing itself for the wrong committed by the insured.

*Id.* at 440–41.

■ As previously noted, the duty to pay depends upon the *ultimate* liability of the insured determined upon proven facts, as distinguished from the duty to defend which is based upon the factual allegations of the complaint. "The distinction between alleged and proven facts requires that the duty to defend be larger than the duty to indemnify ...." *S. Freedman & Sons, Inc. v. Hartford Fire Insurance Co., supra,* 396 A.2d at 197. Therefore, prior to proof of any alleged wrongdoing by Salus and without any judgment by a court upon the complaints against Salus seeking punitive damages, it was premature and inappropriate for the trial court here to make a pronouncement based upon the mere *prayer* for punitive damages that the appellee-insurers, as a matter of public policy, were relieved from indemnifying Salus for any punitive damage awards arising out of the law suits.

It may be that ultimately Salus would have been determined to have acted in such a grossly negligent manner as to be deemed to have intentionally committed the alleged tort. In this connection, we note that Continental's policy excludes from coverage any *intentional* injury inflicted by Salus. Thus, its policy states that the insurer "will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of ... bodily injury ... caused by an occurrence ...." The policy defines the term "occurrence" as:

... an accident ... which results in bodily injury ... neither expected *nor intended* from the standpoint of the insured. (Emphasis added.)

Moreover, we note in *Hartford Life Insurance Co. v. Title Guarantee Co.,* 172 U.S.App.D.C. 156, 520 F.2d 1170 (1979), the federal court of appeals in the District of Columbia commented in *obiter dictum* that "[i]t is only for the *knowledgeable and intentional wrongdoer* that the practice of voiding insurance contracts as being contrary to public policy is reserved." *Id.* at 161, 520 F.2d at 1175 (emphasis added). However, we again point out that at the time the trial court ruled on the cross-motions in the instant case, Salus had not been proven a wrongdoer, let alone an intentional wrongdoer. Thus, the trial court could not properly have granted either Salus' request that the insurers be declared to be obliged to pay off future punitive damages awarded against it, or the insurers' request that they be declared to be relieved of any obligation to pay any future punitive damages. This is because the trial judge could not speculate on the type of wrongdoing by Salus in the absence of any proof of such wrongdoing.

In sum, we conclude under the particular circumstances here that the trial court erred in granting judgment summarily that appellee-insurers were relieved as a matter of law and in furtherance of public policy from the express requirements in their insurance contracts with appellant Salus to

"[d]efend any suit against the insured," [2] and to "pay on behalf of the insured all sums which the insured shall become obligated to pay as damages because of bodily injury ...." It may well be that once the "ultimate liability" of Salus is determined, the contractual duty of the appellee-insurers to pay punitive damages would be negated by proof of Salus' intentional misconduct. However, that remains for future resolution.

*Reversed and remanded for further proceedings consistent with this opinion.*

---

2. "[U]ntil the limits are actually exhausted the duty to defend rests on the primary insurer." APPELMAN, INSURANCE LAW AND PRACTICE (Berdal ed.) § 4682 (footnote omitted), and the cases cited therein. Continental, under the terms of its policy, is not relieved of its obligations to defend until the limits of its policy have been exhausted. *National Union Ins. Co. v. Phoenix Assur. Co.*, 301 A.2d 222 (D.C.1973). Therefore, U.S. Fire's duty to defend (and to pay claims if

that defense is unavailing) does not arise until Continental, the primary insurer, has exhausted its policy limits.