**CIRCUIT COURT OF CHESTERFIELD COUNTY**

American and Foreign Ins. Co.

v.

Evans Construction, Inc.

March 20, 1985

Case No. 1509-85

By JUDGE ERNEST P. GATES

On May 17, 1984, Woodworking Specialists, Incorporated filed a Bill of Complaint against Evans Construction, Incorporated, and others in this Court. Count I of the Bill of Complaint seeks enforcement of a mechanic's lien filed by Woodworking as subcontractor, against Evans, as general contractor, in connection with the construction of Salem Baptist Church. Count II seeks damages from Evans for breach of contract. Count III seeks enforcement of the mechanic's lien against the church. Count IV seeks damages from Evans and Charles G. Evans, Chairman of the Board of Evans Construction, Incorporated, for libel due to a letter dated January 31, 1984, and written by Charles G. Evans to Theo Sakallariou, President of Woodworking Specialists, Incorporated, notifying Woodworking of its substandard performance on the project. Evans Construction, Incorporated, responded to the Bill of Complaint by filing an answer and counterclaim seeking damages from Woodworking Specialists, Incorporated, for its breach of contract, breach of warranties, negligence and fraud in connection with its performance on the project.

The question to be resolved is: Does American have a duty to provide Evans with a complete defense to Woodworking's claims which arose during the construction of Salem Baptist Church by Evans?

It is agreed that the allegations under Count IV are covered by the policy of liability insurance which was provided by American. It is agreed that American has the obligation to pay off any judgment rendered against Evans as a result of Count IV and defend any suit against Evans seeking damages under Count IV. It is also agreed that there is no duty to pay any judgment rendered against Evans under Counts I, II, and III. Evans insists that American must provide a defense for all of the Counts. American insists that its duty to defend is limited to the libel claim in Count IV.

If the allegations in a case against the insured might be covered by the policy, the insurer has a duty to defend, and it may be liable also to pay any judgment rendered upon these allegations. On the other hand, if it clearly appears that the insurer would not be liable under its policy for any judgment based upon the allegations, it has no duty to defend. *Travelers Ind. Co. v. Obenshain*, 219 Va. 44, 46 (1978).

In *Parker v. Hartford Fire Ins. Co.*, 222 Va. 33, 35 (1981), the Court held that an insurance company is obligated to defend its insured if the initial pleadings, alleged facts and circumstances, some of which, if proved, fall within the risk covered by the policy.

Each case applying the exception of *Parker v. Hartford Fire Ins. Co.*, *supra*, must be analyzed on the facts of each case. The facts of *Lerner v. Safeco*, 219 Va. 101 (1978), require the application of the exception. The Court held that, "an insurer's obligation to defend is broader than its obligation to pay, and arises whenever the complaint alleges facts and circumstances, some of which would, if proved, fall within the risk covered by the policy." *Id.* at 104. Nevertheless, the Court cautioned: "It should be noted, however, that such a provision places no obligation on the insurer to defend an action against the insured when, under the allegations of the complaint, it would not be liable under its contract for any recovery therein had." *Id.* Our Virginia Supreme Court has never required an insurance company to become involved in controversies which are alien to its policy obligations. See *Ocean Acc. & Guar. Corp., Ltd. v. Washington Brick and Terra Cotta Company*, 148 Va. 829 (1927).

Do the facts in this case require American to defend a claim of libel, the resolution of which does not depend on the outcome of the other counts of the Bill of Complaint? I think not. American has no duty to defend claims against which there is no insurance coverage, but it does have the duty to defend against claims which are covered under the policy. American must provide a defense for the libel claim in Count IV. The claims in Counts I, II, and III are dissimilar causes of action. The procedures, rules of evidence and burden of proof are different in each count. American is not required to defend counts which are materially different from the risk which it assumed under its policy.

Evans contends that American should not actually defend Evans on Count IV, because Count IV is different from Counts I, II, and III and that these differences create a "conflict of interest" because American does not have an interest in successfully defending these counts. Typically, when a situation like the one in this case arises, a conflict of interest arises automatically.

Evans may select counsel of his choice to defend Count IV, but American will pay the reasonable cost for this defense. I will allocate the attorney's fees between covered and noncovered claims. I believe these costs will be easy to determine.